ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* LEDER.

Opinion delivered May 14, 1906.

CARRIER—DELAY IN THE SHIPMENT OF FREIGHT.—Kirby's Digest, § 6804, requiring all persons or corporations engaged in the transportation of property to furnish without delay sufficient facilities for the receiving, carriage and delivery of freight, does not require that railroads should provide in advance for an unprecedented and unforeseen amount of freight.

Appeal from Prairie Circuit Court, Southern District; *George M. Chapline,* Judge; reversed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1.  The question as to the amount sued for was controlled by the allegations of the complaint.  A judgment by default for $3,000 would have been upheld, if no objection other than the amount were urged against it.  If such judgment would have been sustained, the cause was removable, and, petition and bond having been filed, the amendment did not divest the Federal court of jurisdiction.  40 Ark. 170; 60 Ark. 388.

2.  Instructions given were misleading and inapplicable, and left the amount of damages to the jury without limitation other than the amount claimed in the complaint.  63 Ark. 477.  They were further erroneous, in that they ignore the appellant's contention as to its inability to furnish cars on account of an un-

expected and unforeseen accumulation of freight. 22 Am. &
Eng. R. Cas. 441; 141 Ind. 267; 68 Am. Dec. 574; 4 Am. & Eng.
R. Cas. 380; 99 Mass. 508; 43 L. R. A. 225; 61 Ark. 560. Ap-
pellee's first and second instructions should have been given.

*Eugene Lankford, Thomas C. Trimble, Joe T. Robinson* and
*Thomas C. Trimble, Jr.,* for appellees.

1. The prayer in the complaint was only for $2,000, and that·
there was no attempt to recover any amount exceeding that sum
affirmatively appears in the complaint. The real question is
whether on the face of the record the appellant was entitled to
removal. 122 U. S. 513; 117 U. S. 483; 118 U. S. 279.

2. Instructions given furnished a proper guide to the jury
in arriving at their verdict, and could not have prejudiced the de-
fendant. Instruction No. 2, asked by appellee, was properly re-
fused because the statute is intended to require railroad compa-
nies carrying freight to provide sufficient means therefor, and
because the evidence does not warrant such instruction.

HILL, C. J. Leder Bros. sued the railroad company for
damages for failure to furnish cars on demand.

The first paragraph of the complaint alleged that in the
month of December, 1903, they demanded 30 cars for lumber and
hay which they had for shipment, and the company only furnished
one car to them while furnishing to other shippers cars at the
same station, and alleged damage . in the sum of $1,000.
The second paragraph alleged that in November and December,
1903, they offered the railroad 60 carloads of freight, and
demanded cars, and the company failed and refused to furnish
them while furnishing others. After alleging matters of damage,
this paragraph proceeds: "That on account of the company's
refusal to take said freight for shipment, or furnish cars for ship-
ping said hay and lumber, plaintiffs have been damaged in the sum
of $1,000, and under the law are entitled to double the amount,
or $2,000 damages. Wherefore plaintiff prays judgment against
the defendant company in the sum of $2,000 damages and all
their costs herein." The first paragraph did not have a specific
prayer for judgment, but did allege damages in the sum of $1,000
for the matters therein set forth. The railroad company filed
petition and bond for removal to the Federal court, alleging

requisite diversity of citizenship, and that the amount in controversy exceeded $2,000. The appellees thereafter asked leave of the court to amend the complaint by making it more definite and certain in setting forth that only $1,000 was asked. The court permitted this, and refused the removal. The railroad insists that the complaint showed a demand for $1,000 in one paragraph and $2,000 in the other and that the amendment reduced the claim to $2,000 after the petition and bond were filed. The appellees contend that the complaint is not susceptible of that construction, and that it only asks for $2,000. The case must be reversed on the instructions, and the court does not consider it necessary to discuss this question, but refers counsel to Moon on Removal of Causes, § 88, and *Madisonville Traction Co.* v. *St. Bernard Mining Co.,* 196 U. S. 239, where the authorities touching the question are reviewed.

The case was tried before a jury. The appellees introduced evidence tending to prove its allegations, and the appellant introduced evidence tending to prove that more cars could not be furnished on account of an unusual and unforeseen demand for cars, and that appellees received a fair proportion of cars available. The evidence tended to show sufficient equipment for the usual and ordinary demands of the country. The appellees brought out that many cars of appellant were at the time complained of in the service of other roads, and appellant was receiving a large income from their use. Whether the company was properly equipped to supply the usual demand; whether there was an unprecedented demand at the time in question—one not to be reasonably anticipated; whether the appellant was permitting its cars to be in the service of other roads to obtain rent therefrom, instead of using them to supply its public demands; or whether they were unavoidably out of reach at the time of this alleged unprecedented demand, were all questions properly to be determined, like other questions of fact, before a jury.

The court gave no instruction submitting this question to the jury, but, on the contrary, refused the following instruction asked by appellant:

"2. The jury are instructed that while railway companies are under legal obligations to furnish cars for the transportation

of freight upon their lines of road, they are not bound under the law to provide transportation for unforeseen and unexpected quantities of freight tendered them upon their line of roads. In such cases they are only required to use reasonable diligence in the furnishing of cars without discrimination."

The appellee contends that the statute (section 6804, Kirby's Digest) requires the common carrier to provide sufficient means of transportation, and that an unprecedented demand is not an excuse. This question was otherwise recently determined by this court in *St. Louis S. W. Ry. Co.* v. *Clay County Gin Co.,* 77 Ark. 357. Other questions are discussed, but it is not necessary to express opinions upon them.

For the error in failing to submit the questions above mentioned. to the jury the judgment is reversed, and cause is remanded.