ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* OZIER.

Opinion delivered May 4, 1908.

1. CARRIERS—SUFFICIENCY OF TENDER OF LIVESTOCK FOR SHIPMENT.—A station agent has authority to bind the carrier by a stipulation as to the mode of delivery of stock for shipment. So where the shipper notified the station agent that he had a consignment of sheep and hogs ready for shipment and within a short distance of the station, and was instructed to leave the stock where they were until the cars arrived, and did so, this was a sufficient tender of the stock for shipment. (Page 181.)

2. APPEAL—PREJUDICE.—Where the trial court eliminated from an action against a carrier for failure to furnish cars the question of a promise or contract to furnish the cars, the defendant was not prejudiced by the court's refusal to submit to the jury an instruction upon this subject, requested by it. (Page 182.)

3. CARRIERS—SPECIAL DAMAGES FOR DELAY.—Where the station agent was notified that a shipper was holding livestock ready for shipment, the carrier will be held liable for special damages for expenses of keeping the stock during the period of the carrier's delay in furnishing cars. (Page 182.)

Appeal from Boone Circuit Court; *Brice B. Hudgins.* Judge; affirmed.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

Notwithstanding the verdict is smaller than the amount claimed, improper items of damage were included therein.

No foundation was laid for a measure of damages, and the court erred in fixing the same in its instruction. For correct rule see 74 Ark. 358.

An instruction that if the plaintiff applied to defendant for cars, and it failed to furnish them in a reasonable time, and by such failure the plaintiff was damaged, "you will find for the plaintiff in whatever sum you find from the evidence he was damaged by such failure," is fundamentally wrong, in opening up the way for the allowance of any sort of damages known to the law.

"To charge a common carrier with special damages for delay in transporting freight, notice of the circumstances out of which the special damages grew must have been given to the carrier at the time of or before making the contract of shipment." 72 Ark. 275; 190 U. S. 540; 82 Pac. 502.

The instruction that tender at the depot was waived if the plaintiff penned his stock within a mile of the depot at the instance of the defendant was erroneous, there being no evidence that defendant forced, caused or persuaded him to select the lot that he did.

*Crump, Mitchell & Trimble* and *Frank Pace,* for appellee.

1. The damages claimed by plaintiff as appears by the evidence were (1) the expense of caring for the stock, (2) loss of stock by death, and (3) loss occasioned by shrinkage in weight; and the proof was sufficient to sustain the verdict.

2. If the language, "you will find for the plaintiff in whatever sum you may find from the evidence he was damaged by such failure," was objectionable, and was not sufficiently explained in another instruction given. Appellant should have asked specifically a further explanation. 65 Ark. 619.

Having been advised by the agent that appellant had no facilities at the depot to receive the stock pending the arrival

of cars, and to pen his stock at a different place until notified of their arrival, appellee's compliance with this request was a sufficient tender.  Moore on Carriers, 116.

McCULLOCH, J.  This is an action instituted by appellee against appellant railway company to recover damages resulting from failure of the company to furnish cars for shipment of sheep and hogs from Bergman, a station on appellant's road. Appellee made the request for cars on October 19, 1906, to be furnished on the twenty-first day of the same month, and the cars were not furnished until October 30th, the alleged injury to the sheep and hogs occurring in the meantime on account of the delay.

Appellee lived ten miles from the station, and communicated the request for cars by telephone. The telephone call was answered by an employee in the office named Stevenson—not the station agent—and appellee testified that Stevenson promised to furnish the cars on the 21st of the month. He further testified that Stevenson informed him that the company had no pens at Bergman sufficient to take charge of the stock, and instructed appellee to stop outside of town, where the stock could be properly cared for until the cars arrived.  Appellee then drove the sheep and hogs over to a place about three-fourths of a mile from Bergman, reaching there on the evening of October 20th, where they were kept until the cars arrived.  On arrival there appellee went over to Bergman and saw the station agent, who, he testified, informed him that the cars would be there the next day, and instructed him to leave the stock where they were until the cars arrived, promising to send a messenger informing appellee of the arrival of the cars.

Stevenson denied, in his testimony, that he made any promise to furnish cars, but said that he merely stated to appellee that they would do the best they could to get cars, and that he communicated the request to the station agent.  The station agent, Butler, denied that either he or Stevenson had authority to promise cars, or that he ever promised the cars at any specified time, but admitted that he received the request for cars, and forwarded same immediately to the train-dispatcher at Cotter.

It is therefore undisputed that appellee made the request for cars on October 19th, and that they were not furnished until

October 30th. No effort was made by appellant to explain the delay. It is also undisputed that appellant's station agent knew, as early as October 20th, that appellee had his consignment of sheep and hogs ready for shipment in a short distance of the station and kept them there, instead of bringing them to the station, upon instruction of the agent. This was a sufficient tender of the stock for shipment. *St. Louis, I. M. & S. Ry. Co.* v. *Wynne Hoop & Cooperage Co.,* 81 Ark. 373.

The delivery or tender of freight to the carrier for shipment may be made in accordance with such arrangement between the parties—that is, between the shipper and the carrier's agent—as they may choose to make in regard to the mode of delivery. Says Mr. Hutchinson: "They may make such stipulation upon the subject as they see fit; and when such stipulations are made, they, and not the general law, are to govern." 1 Hutchinson on Car. § 115. A station agent has authority to consent to such arrangements. 1 Hutchinson on Car. § 462.

The court instructed the jury that before appellee could recover damages the jury "must find from the preponderance of the evidence that the plaintiff applied to the defendant for cars in which to ship his stock, and that the defendant failed to furnish said cars in a reasonable time, and that by such failure the plaintiff was damaged." The court gave no instructions submitting the case to the jury on the question of a promise or contract to furnish cars, and that question was thus eliminated from the case. Appellant requested the giving of instructions on that subject, which the court refused, and the refusal is assigned as error. As the instructions given by the court eliminated that question from the case, appellant could not have been prejudiced by the court's refusal to give the instruction asked. Appellee did not, in the case finally submitted to the jury, rely upon any express promise or contract to furnish cars, but relied upon the duty imposed by law upon the carrier to furnish cars within a reasonable time after demand.

The verdict included special damages for expense of keeping the stock during the period of delay, and appellant contends that this was unwarranted and erroneous. Under the rule announced by this court in *Choctaw, O. & G. Rd. Co.* v. *Rolfe,* 76 Ark. 220, such damages are recoverable under the facts

proved in this case. The facts and circumstances proved to have been brought to the knowledge of appellant's agent were sufficient to put the company on notice that special injury would result from the continued delay in furnishing cars. The evidence sustains the verdict.

Affirmed.