ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. LEDER.

Opinion delivered July 13, 1908.

1. INSTRUCTIONS—CONSTRUCTION AS A WHOLE.—So long as all of the instructions given in a case are correct statements, and, when considered together, present every proper view of the facts, and are not in conflict with each other, there is no error in presenting them separately. (Page 301.)

2. CARRIER—FAILURE TO FURNISH TRANSPORTATION—DEFENSE.—Where plaintiff, after demanding cars for shipment of hay, was unable to secure the cars, and sold the hay at a depreciated price prevailing in the locality, and sued the carrier for such depreciation, it is no defense that, had the plaintiff kept the hay for a month or two longer, he could have obtained as much as he would have received if he had been furnished the cars when demanded. (Page 302.)

3. SAME—MEASURE OF DAMAGES.—Where a carrier fails to furnish cars for shipment of freight when requested, and the party desiring to ship is forced by business necessities to sell the goods at the price prevailing in the locality, instead of getting a better price elsewhere, the difference between the price at which they sold and that for which they could have been sold if transportation facilities had been furnished is the measure of damages for which the carrier is liable. (Page 302.)

4. SAME—SUFFICIENCY OF TENDER FOR SHIPMENT.—The mere fact that a commodity tendered to the carrier for shipment is not on the carrier's platform is not material if it is under control of the shipper and ready for shipment in the usual way in which such commodity is shipped. (Page 303.)

Appeal from Prairie Circuit Court, Southern District; T. P. Atkins, Special Judge; affirmed.

Leder Bros, a firm doing business at Ulm, Arkansas, sued the St. Louis. Southwestern Railway Company for failure to furnish cars to ship hay in November, 1903. Defendant in answer alleged that it was unable to furnish cars as rapidly as requested on account of an unforeseen amount of freight being presented for shipment during the above months, and also denied that plaintiffs were damaged by its failure to furnish cars.

One of the plaintiffs testified that they demanded 30 cars in November, 1903, and one car per day in December, 1903, but received only ten cars during those months, and that in December, 1903, they sold 160 tons of hay in a barn for $3.50 per ton, which was from $1.00 to $1.50 less than they could have got if they had had cars to ship the hay. Some of the hay was in plaintiffs' barn, five miles from Ulm.

The court gave the following instructions over defendant's objection:

"2. The jury are instructed that if you find from the evidence that the plaintiff applied to an authorized agent of the defendant company for cars in which to ship hay from the town of Ulm on the defendant's railroad in the manner customary there at that time, or offered hay to the defendant's authorized agent at Ulm for shipment in the manner customary with shippers there at that time, and that the defendant company failed or refused to furnish cars for said shipment of hay or receive same for shipment within a reasonable time after such demands by plaintiffs, then the defendant is liable to plaintiff for whatever damages they sustained by such failure or refusal by defendant.

"3. The jury are instructed that if you find from the evidence that plaintiffs requested defendant's agent at Ulm, Arkansas, to furnish them cars in which to ship their hay from Ulm, giving the defendant and its agent a reasonable time in which to furnish said cars, and that this was the defendant's customary manner there at that time to accept such freight for shipment, and that the defendant failed or refused to furnish said cars within a reasonable time and in such number as was necessary to transport said freight, then the defendant is liable for all damages the plaintiffs sustained by such refusal or failure to furnish said cars and ship said freight, and you should find for the plaintiffs in whatever sum the evidence shows them to be entitled to."

The court gave the following instructions at defendant's request:

"3. The jury are instructed that while railway companies are under obligations to furnish cars for the transportation of freight upon their lines of road, they are not bound, under the law, to procure transportation for unnforseen or unexpected

quantities of freight tendered them upon their line of road; in such cases they are only required to use reasonable diligence in the furnishing of the cars without discrimination.

"4. The jury are instructed that, while it is the duty of railway companies to furnish cars to patrons without discrimination, still before you can find for the plaintiffs you must find from the evidence that they requested cars to be furnished them, and that they had the hay ready to deliver on receipt of the cars, and that the railway company had the facilities for furnishing them, and failed to do so."

The court refused to instruct the jury at defendant's request as follows:

"5. The jury are instructed that if they find from the evidence the plaintiffs could have procured.cars in the months of January and February, 1904, in which to ship their hay, and that the market price was as good in January and February, 1904, as in November and December, 1903, and that said sale was made before the market price depreciated, they cannot recover for anything more than nominal damages.

"8. The jury are instructed that the plaintiffs cannot recover damages for the depreciations in the price of hay while the same was on their farm five miles from Ulm."

The jury returned a verdict in favor of plaintiffs in the sum of $240. Defendant has appealed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1. The second and third instructions given on the part of the plaintiff are in conflict with the third and fourth instructions given on the part of the plaintiff. The general rule that all instructions given should be read together does not apply when the instructions are conflicting, and the jury are left without guidance as to which they should follow. 74 Ark. 585; 65 Ark. 64; 53 Ark. 393; 76 Ark. 69; *id.* 224; 77 Ark. 201. Under the second and third instructions the jury were left at liberty to find for plaintiff in any sum they chose, whereas the measure of damages is the difference between the market price of hay in November and December, 1903, and January and February, 1904. 46 Ark. 483; 71 Ark. 571; 54 Ark. 22; 74 Ark. 358; 73 Ark. 112. The loss sustained by reason of a sale before or in anticipation of

a fall of the market price must be borne by the plaintiffs. 29 Ark. 448; 34 Ark. 184; 54 Ark. 463; *id.* 22; 68 Ark. 218.

2. There could be no reason for depreciation in the market value of the hay while it remained on the farm. A railway company cannot be required to accept freight or to furnish cars for its transportation until tendered or placed where it could be easily and readily loaded into them. 76 Ark. 220; 75 Ark. 64; 69 Ark. 584; Hutchinson on Carriers, § 97.

3. The verdict is excessive. Only nominal damages are recoverable in this case.

*Thos. C. Trimble, Joe T. Robinson* and *Thos. C. Trimble, Jr.,* for appellee.

1. No error in giving instructions 2 and 3. When taken in connection with instructions 3 and 4 asked for by appellant, they express the law, and appellant is not. injured. 24 Ark. 264; 48 Ark. 396; 21 Ark. 357; 75 Ark. 325; 47 'Ark. 97.

2. The verdict is reasonable.

HILL, C. J. This is the second appearance of this case here. See *St. Louis S. W. Ry. Co.* v. *Leder,* 79 'Ark. 59. On the reversal, there was a trial, resulting in a verdict in favor of the plaintiff for $240, and the railroad company has appealed. The substance of the facts will be found in the statement of facts, with such instructions as here commented upon.

It is contended that the second and third instructions, given on behalf of the plaintiff, are in conflict with the third and fourth given on behalf of the defendants. The second and third instructions are correct general statements; and the third and fourth given at the instance of the defendant are also correct statements where applicable to excuse the carrier for a failure to perform its duties. It would have been better form, and would have made the instructions more clear, had the rule constituting the excuse been stated along with the rule stating the general duty resting upon the carrier of furnishing cars. But, as has frequently been said by this court, all of the law of the case cannot be stated in one instruction; and, so long as all of the instructions are correct statements, and, when considered together, present every proper view of the facts, and are not in conflict with each other, there is no error in presenting them separately. What was said in *St. Louis S. W. Ry. Co.* v. *Graham,*

83 Ark. 61, is applicable here: "Criticisms are made of some of the instructions, in that they seem to permit a recovery if the jury find the defendant guilty of negligence, without the qualification 'and unless they find the deceased not guilty of contributory negligence.' Taking these instructions as a whole, the court think they made it clear to the jury that contributory negligence on the part of deceased would defeat a recovery, even should they find the defendant guilty of negligence. It is generally impossible to state all the law of the case in one instruction; and if the various instructions separately present every phase of it as a harmonious whole, there is no error in each instruction failing to carry qualifications which are explained in others;" citing authorities.

The defendant endeavored to have the court instruct the jury that if the plaintiff could have procured cars in January and February to ship their hay, and the market had not depreciated, or was as good as in December, no recovery other than for nominal damages could be had for the hay which was sold before the market price fell. The court properly refused to give this instruction. This theory would require the shipper to await the turn of the market to find out whether the railroad company had injured him by failing to furnish him cars. If there should be a rise in the market in the price of the commodity he was·offering, he would be benefited by the refusal of the railroad company to furnish him cars; if the market price fell, he would be more greatly damaged than had he sold at the price obtaining at the time of the refusal. If he continued to hold his commodity and the price went down, the railroad company could well have contended, in a suit claiming the difference in price when·the goods were offered and that to which it had fallen later, that they were only liable for the price that prevailed at the time they failed to furnish him with cars.

In this case the business necessities of the parties required them to sell the hay at the price prevailing in the locality, instead of getting a better price elsewhere, which they would have received had they been able to ship to the desired market. That difference was the true measure of damages. 3 Hutchinson on Carriers, § 1366; St. Louis, I. M. & S. Ry. Co. v. Coolidge, 73 Ark. 112; Crutcher v. Choctaw, O. & G. Rd. Co., 74 Ark. 358; Choctaw, O. & G. Rd. Co. v. Rolfe, 76 Ark. 220.

Defendant asked an instruction that the plaintiffs could not recover damages for the depreciation in the price of so much of the hay as was on their farm, five miles from the station.  The facts were that the hay which the plaintiffs desired to ship was stored partly in their warehouse near the station and partly in a barn on their farm five miles distant. Whenever the plaintiffs got a car, they loaded the hay from the warehouse near the station, or hauled it from their barn on the farm.  This was the customary and usual method of shipping hay.  It is undisputed that the plaintiffs had the hay under their control and ready for shipment as soon as cars were furnished therefor; and it cannot be questioned that they in good faith demanded cars to ship this identical hay, which was ready for shipment according to the usual method of shipping such commodities when the demand for cars was made.

The shipper has a reasonable time, after his car arrives, to load it.  This is not a question of delivery to the carrier, but is a question of furnishing cars in order that the shipper may make delivery to the carrier.  The mere fact that the commodity was not on the platform is not an excuse for failing to furnish cars when the commodity is under control of the shipper and ready for shipment in the usual way such commodity is shipped.  *St. Louis, I. M. & S. Ry. Co.* v. *Ozier,* 86 Ark. 179; *St. Louis, I. M. & S. Ry. Co.* v. *Wynne Hoop & Cooperage Co.,* 81 Ark. 373.

The verdict is assailed as being excessive; and probably some of the items claimed would not be recoverable.  But there is sufficient undisputed evidence to sustain the amount of the recovery, and hence these other matters become unimportant.

The judgment is affirmed.