ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* KEEFE.

Opinion delivered June 1, 1914.

1. CARRIERS—SHIPMENT OF FREIGHT—SHORTAGE OF CARS.—The fact that the defendant was short of stock cars on a certain division of its railway system, is no defense to an action for damages for failure to furnish stock cars, and does not show that the carrier exercised ordinary care to supply the demand of the shipper. (Page 219.)

2. CARRIES—SHORTAGE OF CARS—FREIGHT.—In an action for damages for failure to furnish freight cars, the defendant must show, to relieve itself from liability, that it could not, by the exercise of ordinary care, have supplied the cars demanded by plaintiff. (Page 219.)

3. CARRIERS—FREIGHT—SHORTAGE OF CARS—EVIDENCE—SERVICE TO OTHER SHIPPERS.—In an action against a carrier for damages for failure to furnish plaintiff with stock cars, evidence is admissible that defendant carrier supplied stock cars, to other shippers at the same station with plaintiff, who demanded the same after plaintiff had demanded cars of the carrier. (Page 220.)

4. CARRIERS—DAMAGES—FAILURE TO SUPPLY CARS—EVIDENCE.—In an action for damages for failure to furnish stock cars, testimony of an experienced stockman, who observed the cattle to be shipped, as to their loss in weight due to the delay in shipment, is competent on the amount of damages for the delay. (Page 220.)

Appeal from Boone Circuit Court; *George W. Reed,* Judge; affirmed.

### STATEMENT BY THE COURT.

The appellees, who were partners in the live stock business, sued the appellant for failure to furnish cars, alleging that they had 129 head of cattle ready for shipment, and that they made application to the appellant, through its agent at Pyatt, in Marion County, for three stock cars; that the agent informed them that the cars would arrive upon a certain date; that on that date they drove their cattle to the station, or made preparation to do so, and were then informed that the cars intended for them were not left at Pyatt for the purpose of shipping appellees' cattle; that continuously after said date, viz., the 10th day of October, they tried to obtain cars for the purpose of making shipment of their cattle, but failed to obtain same, and that by reason of the long delay in shipping their cattle, caused by the negligence of the appellant in failing to furnish cars, they had been damaged in the sum of $584, the items of which they specified.

Appellant, after denying the allegations of the complaint, set up the following: "That on or about the times and dates that plaintiffs allege that they ordered said cars, it would have been impossible to furnish same, and that defendant could not have furnished same on account of the fact that all of the cars of that kind and character desired by plaintiffs were in use, and that there were more orders for same on each and every day from October 10 until October 22, than could possibly be furnished by defendant."

There was testimony on behalf of the appellees tending to establish the allegations of their complaint.

On behalf of the appellant, F. J. Potter testified that he was chief dispatcher at Cotter when the demand for cars was made by appellees; that orders for cars wanted for shipment of live stock were sent to him to be filled. Their records showed that they were short of cars on his division October 12, 13, 14 and 15; that they offered the appellees cars on the 16th and 17th, but that appellees

did not want to load on those days. They preferred to wait until the 19th, and on the 19th, appellant was short of stock cars, and could not supply them until October 22, when it again offered appellees cars for loading their cattle. The cars were actually furnished and placed for appellees on the evening of October 22, and remained there awaiting their convenience until the morning of October 24.

The reason why there were more cars short a few days after this order was received, than at the time of receiving their order, was because of increased orders for cars, and not having cars to fill them. Orders were increasing every day, and appellant did not have enough cars to fill the orders, owing to the great demand. There was a very unusual demand at that time for stock cars in the business of the defendant. The company and the system owned a sufficient number of cars to handle the business during an ordinary season and an ordinary run of business.

There was a verdict in favor of the appellees in the sum of $350. Judgment was entered for that sum, and this appeal has been duly prosecuted. Other facts stated in the opinion.

*E. B. Kinsworthy, McCaleb & Reeder* and *T. D. Crawford,* for appellant.

1. The testimony of Joe Keefe to the effect that the company had furnished cars to other parties after appelless had demanded cars, was purely hearsay and incompetent. It was further inadmissible, because there was no allegation charging discrimination, and appellant had had no opportunity to prepare a defense against such a charge.

2. The stock were never weighed before shipment, and the testimony as to the depreciation of the stock in weight was without any proper basis upon which to ground the testimony. How could any one say that the stock depreciated fifty pounds per head, and how could appellant rebut such testimony?

3. Since there was no competent evidence to contradict appellant's positive evidence that there was an extraordinary demand for cars at this time, and that under ordinary conditions, it had ample equipment to supply all reasonable demands, the court should have directed a verdict for appellant. 81 Ark. 373.

*Appellees, pro se.*

1. The testimony with reference to appellant having furnished cars to others who made demand therefor after appellees had demanded cars, was introduced only for the purpose of showing that there was not such an extraordinary demand for cars at this time as would prevent appellant, by the use of ordinary care, from supplying the demand of appellees, and it was competent and admissible for that purpose. 81 Ark. 388.

2. There was sufficient foundation laid for the admission of the testimony as to depreciation in weight in showing that the witness was a stock man of experience, that he had bought and pastured the cattle, and had been with them continuously from the time they were driven from the pasture until they were sold in Kansas City.

3. The dispatcher's testimony did not warrant a directed verdict for appellant. Under the evidence adduced, it was for the jury to say whether or not the company was negligent in furnishing the cars. 6 N. Y. S. 836; 6 Cyc. 373, note.

Wood, J., (after stating the facts). The appellant contends that the uncontroverted evidence showed that there was an extraordinary demand for stock cars, which prevented the appellant from being able to supply the stock cars more promptly, and that appellant had an ample equipment of stock cars for use under ordinary conditions and to supply all reasonable demands, and that therefore a verdict should have been directed in its favor.

The testimony of appellant's chief dispatcher, having supervision of the furnishing of cars on the division from which the shipment in controversy was made, was not sufficient to exempt appellant from liability for a failure to furnish the appellees cars for the shipment of their

cattle. This testimony, in a general way, shows that appellant was short of cars on this division when demand was made upon it by the appellees at the particular time when appellees desired to make the shipment of their cattle. That this shortage was because of the increased orders for stock cars, and not having cars to fill them; that the demand was great and unusual on this division. But this testimony does not show, or even tend to show, that the appellant did not have a sufficient number of cars on other divisions which it could have used for the purpose of meeting the increased demand on the division on which Pyatt is situated. For aught the evidence shows to the contrary, the appellant, by the use of ordinary care, could have sent in cars from other division points, without discommoding shippers at those points, in order to supply the temporary needs of shippers at the station of Pyatt.

Although the demand for stock cars was great and unusual on the division on which Pyatt is situated during the time appellees were seeking to ship their cattle, it was the duty of the appellant to endeavor to meet this unusual demand, and to satisfy the requirements of shippers from that station by exercising ordinary care to have the need supplied.

The testimony upon which appellant grounds its defense against this alleged charge of negligence is not sufficient in law to constitute a defense.

There was no testimony, by those having in charge the equipment of appellant's system with necessary stock cars, tending to prove that appellant as a system did not have, or by the exercise of ordinary care, could not have had, abundant facilities to meet the requirements of the shippers at all stations on its entire system. The testimony falls short of proving, or even tending to prove, that appellant could not have furnished stock cars to meet the requirements of shippers at this particular time by the exercise of ordinary care. While it was the duty of appellant's chief dispatcher at Cotter to supply the demands of shippers for stock cars at the station of Pyatt, yet there is nothing to show that he exercised or-

dinary care to have the cars brought in from other points on the system to meet the unusual demands that were made upon him by the shippers at Pyatt. His testimony only shows that there was a great and unusual demand, and that there was a shortage of cars on his division, but it falls far short of showing any reason for this shortage, and does not show that the shortage might not have been obviated by the exercise of ordinary care upon the part of those whose duty it was to furnish the necessary shipping facilities to meet the demands of all shippers.

There was no testimony, therefore, to warrant the court in submitting to the jury the question as to whether the shortage of stock cars at Pyatt was caused by an unprecedented and extraordinary demand which could not be anticipated by the appellant. The instructions submitting this issue were more favorable to appellant than it was entitled to, and it has no ground for complaint on account of the instructions of the court or the verdict of the jury on this issue.

The appellant contends that the court erred in permitting testimony tending to prove that others at Pyatt ordered cars after the appellees, and that these shippers received cars for the shipment of their cattle before appellees' demand was supplied. There was no error in permitting the testimony tending to prove that other shippers who had cattle for shipment at Pyatt demanded cars after the demand of appellees had been made upon appellant, and that these shippers were supplied before appellees were furnished with cars. This testimony tended to prove that appellant had cars to meet the demands of its shippers, and tended to prove that the failure on the part of appellant to comply with the demand of appellees was not on account of the dearth of cars to meet the requirements of shippers at Pyatt.

There was no error in permitting one of the appellees to testify that the stock depreciated in weight to the extent of fifty pounds per head during the time that the shipment was delayed by reason of the alleged failure of appellant to furnish cars. The witness by whom this testimony was adduced had bought the cattle and had

continuously observed them from the time he acquired them until they were sold in Kansas City. He was an experienced stock man, and from his observation, could testify as a fact as to the depreciation of the stock in weight. His testimony giving his estimate of the amount of such depreciation was competent and proper for the jury to consider in determining the amount of appellees' damage by reason of the loss in weight of the cattle while their shipment was delayed.

The testimony was ample to sustain the amount of the verdict. The judgment is correct, and it is affirmed.