# UNION PACIFIC R. R. CO. v. PACIFIC MARKET CO.
### (No. 957; Decided August 26, 1921; 200 Pac. 108)

COMMON CARRIERS—BILL OF LADING—DAMAGE FOR DELAY IN TRANS-
PORTING LIVESTOCK—NOTICE OF DAMAGE REQUIRED—WAIVER OF
DAMAGE FOR FAILURE TO PRESENT CLAIM—RAILROADS—DIRECTED
VERDICT.

1. All state laws, regulations and policies relating to interstate
   shipping contracts were superseded by the act of Con-
   gress approved June 29th, 1906 (34 Stats. L. 584, c.
   3591) amending the Hepburn Act of February 4, 1887
   (24 Stats. L. 379, c. 104), placing the subject entirely
   under Federal control.

2. A stipulation in a bill of lading issued prior to the passage
   of the act of Congress of March 4, 1915 (38 Stats. L. 1196,
   c. 176) requiring notice of the making of a claim for dam-
   ages within a limited time after the arrival of the ship-
   ment at destination is reasonable and should be given
   the effect that appears from its terms to have been in-
   tended, and such requirement of notice may not be waived
   by the carrier.

3. Where sheep received and loaded for shipment by a carrier
   at its yards and pens used a few days before in loading·
   other sheep infected with scabies, were unloaded enroute
   and dipped by order of and under the supervision of Gov-
   ernment officials, an oral protest made at the time by the
   shipper to the carrier that such dipping would cause a
   shrinkage in weight, for which the shipper would look to
   the carrier for damages, did not constitute a proper pre-
   sentation of claim for damages within the meaning of a
   requirement in the bill of lading for notice or presentation
   of any claim for damages within ten days after the ship-
   ment arrived at destination.

4. In an action by a shipper against a carrier for damages oc-
   casioned by shrinkage of a consignment of sheep and delay
   enroute for dipping under Federal orders, resulting from
   exposure of the sheep to disease by loading at yards and
   pens of the carrier where infected sheep had been loaded
   a few days before, and the evidence failed to establish
   notice or a claim for damages made by the shipper in ac-
   cordance with the terms of the bill of lading, held that
   defendant was entitled to an instructed verdict.

Error to the District Court, Albany County, Hon. V. J. Tidball, Judge.

*Herbert V. Lacey* and *John W. Lacey,* for Plaintiff in Error.

The court erred in receiving evidence as to the communication of notice to defendant of the infected condition of the pens, the point not being put in issue by the petition; instructions given the jury as to the measure of damages and as to the recovery of interest upon an unliquidated claim, were erroneous and the trial court erroneously instructed the jury as to the duty of defendant to give warning of the infection of the yards a point not in issue. The court erred in refusing defendants request for a directed verdict. The only negligence charged against defendant was in permitting the pens and yards to become infected, and no evidence was introduced to support it. The evidence failed to show notice or presentation of a claim for damages as required by the bill of lading. This fact entitled defendant to a directed verdict. (St. L. & S. F. R. R. Co. v. Wynn, 153 Pac. 1156; St. Louis & S. F. R. R. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406; M. K. & T. Ry. Co. v. Harriman, 227 U. S. 657; K. C. S. Ry. Co. v. Carl, 227 U. S. 639; Adams Express Co. v. Croninger, 226 U. S. 491.) The Carmack Amendment to the Hepburn Act, (34 Stats. 503) supersedes all state laws and places interstate shipments under the control of federal statutes. Requirements in interstate shipping contracts as to notice of damages cannot be waived by the carrier. (G. T. & A. Ry. Co. v. Blish Milling Co., 241 U. S. 190; Phillips v. Grand Trunk Ry. Co., 236 U. S. 662; Chicago R. I. & P. Ry. Co. v. Gray, 165 Pac. 157; M. K. & T. Co. v. Harriman, 227 U. S. 657; Bailey v. Mo. Pac. Ry. Co., 171 S. W. 44.)

*Corthell, McCollough and Corthell,* for Defendant in Error.

The brief of plaintiff in error fails to present a fair statement of the allegations of the petition. The negligence

charged against defendant was in failing to maintain its yards in clean condition and in receiving plaintiff's sheep therein, the case was tried upon that theory. The cause was tried upon the theory and understanding by both that notice was communicated to defendant of the infection of its yards, which fact was a material and important element in the case. Questions not raised and preserved for review in the trial court will not be noticed on appeal. (Sherlock v. Leighton, 9 Wyo. 297; Turner v. Horton, 18 Wyo. 281; Jones v. Kepford, 17 Wyo. 468; Rainsford v. Messengale, 5 Wyo. 1, 8; Cosgriff v. Miller, 10 Wyo. 190, 232; City of Rawlins v. Jungquist, 16 Wyo. 403; Nelson v. Johnson, 23 Wyo. 319; Collins v. Fidelity Trust Co., 33 Wash. 136; Campbell v. U. S., 224 U. S. 99; Madden v. Hughes, 85 N. Y. 466, 78 N. E. 167; Van Dyke v. Grand Trunk Ry. Co., 84 Ver. 212.) Interest upon unliquidated claims is allowable where demands are based upon market values and susceptible of easy proof. (Kuhn v. McKay, 7 Wyo. 42.) Such is the case at bar. (M. K. & T. Co. v. Truskett, 104 Fed. 728; So. Pac. Co. v. Arnett, 126 Fed. 75.) It was established by the evidence that defendant was notified at the time the sheep were unloaded at Laramie that the shipper would hold the company responsible for damages. This was notice of plaintiff's claim. (Ga. F. & A. R. R. Co. v. Blish Co., 241 U. S. 190; St. L. I. M. & S. R. R. Co.. v. Starbird, 243 U. S. 592.)

*Herbert V. Lacey and John W. Lacey,* in Reply.

The contract here involved was for an interstate shipment and is controlled by Federal statutes. Its interpretation presented a federal question. The contract itself must govern. C. & O. Co. v. McLaughlin, 242 U. S. 142; Boyd v. King, 201 Mich. 476 was not in point, the question of notice not being involved. Emery & Co. v. Wabash R. R. Co., 166 N. W. 600; Baird v. the D. & R. G. R. R. Co., 162 Pac. 79, are not in point for the reason that in those cases it was shown that notice had been given and claims filed

in accordance with the bill of lading. Hines v. Mason, 221 S. W. 861 is not in point as there the stipulation of the contract was complied with. The following additional authorities are submitted on the point that the lower court erred in allowing interest on an unliquidated claim for damages. (Kuhn v. McKay, 7 Wyo. 43; M. K. & T. v. Truskett, 104 Fed. 726; Mansfied v. R. R., 114 N. Y. 331; People ex rel v. Willcox, 10 N. E. 174; Faber v. City of New York, 118 N. E. 609, 610; Palmer v. Stockwell, 75 Mass. 237; Speed v. McMurray, 176 Pac. 506; Lower v. Shorthill, 176 Pac. 647; Thorndike v. Wells Memorial Ass'n, 146 Mass. 619; stipulations in bill of lading requiring filing of verified claim, etc.; C. & O. Ry. Co. v. McLaughlin, 242 U. S. 142; Georgia, F. & A. R. Co. v. Blish Milling Co., 241 U. S. 190; A. J. Phillips Co. v. Grand Trunk R. Co., 236 Y. S. 662; Hudson v. Chicago, St. P. M. & O. Ry. Co., 226 Fed. 38; Kidwell v. Oregon Shortline R. R. Co., 208 Fed. 1; Kleyg v. St. Louis Ry. Co., 203 Fed. 971; Olson v. C. B. & Q. R. R. Co., 250 Fed. 372; Baldwin v. C. R. I. & P., 156 N. W. 17; Smith Co. v. Oregon R. & N. Co., 117 Pac. 303; Kalina et al v. U. P. R. R. Co., 76 Pac. 438.)

*Corthell, McCullough and Corthell,* in Reply.

Additional authorities cited by plaintiff in error do not disclose any important matter. Mansfield v. R. R. Co. is a claim for prospective profits. In Speed v. McMurray there was no discussion of the rule and in Lower v. Shorthill there was uncertainty as to the value of the property. M. K. & T. v. Truskett is applicable on the question of interest since it involved shrinkage in weight and delay in marketing livestock. Since filing our brief the case of Wyoming Central Irrigation Co. v. La Porte, 26 Wyo. 250 has been decided and follows the Kuhn case. Keith v. Booth Fisheries Co., 27 Del. 218 is pertinant to the question here. Two later cases sum up the rule, Faber v. City of New York, 22 N. Y. 255; Demotte v. Whybrow, 263 Fed. 366. The question of interest is not a Federal question either in

cases of contract or tort. (22 Cyc. 1477.) Cases cited on the question of notice and claim for damages, Kidwell v. Oregon Short Line R. R. Co., 208 F. 1, is inconsistent with the later decision of the Supreme Court in Georgia, F. & A. R. R. Co. v. Blish Co., 241 U. S. 190. It seems to be a sufficient answer to the contentions of insufficiency of notice, and on this branch of the case see Boyd v. King, 201 Mich. 476; King v. Boyd, 248 U. S. 572; Emery & Co. v. Wabash R. R. Co., 166 N. W. 600; Baird v. D. & R. G., 162 Pac. 79 and Hines v. Mason, 221 N. W. 861.

KIMBALL, Justice.

Plaintiff's sheep were loaded October 15, 1914, at Bitter Creek, Wyoming, for shipment to South Omaha, Nebraska, over defendant's railroad. On the morning of that day it was discovered by the United States Bureau of Animal Industry that other sheep which had been loaded at the same station a few days before were infected with scabies, and as the same yards and pens had been used in loading the infected sheep and plaintiff's sheep, it was considered that the latter had been exposed to the disease, and the Bureau required that they be dipped before going forward. When notice of this order was received at Bitter Creek, part, if not all, the sheep were in the cars, and as there were no facilities for dipping sheep at that place, permission was obtained to move them to Laramie, an intermediate station on their route, where they were unloaded and dipped under governmental supervision. This caused a delay of several days, after which they were reloaded and carried to their destination. The object of the suit was to recover the damage resulting from the dipping of the sheep and the delay in transportation. Counsel do not agree in their construction of that part of the petition which sets forth the defendant's negligence; and for the purposes of this decision we shall accept the interpretation of counsel for plaintiff, and assume that the petition charges that defendant was negligent both in failing to keep its loading yards and

pens free from contagion, and in receiving plaintiff's sheep
in the yards and pens after knowledge of such contagion.

As a second defense it was alleged that the plaintiff
failed to comply with a provision contained in the shipping
contract, which read as follows:

"Unless claims for loss, damage or detention are pre-
sented within ten days from the date of the unloading of
said stock at destination, and before said stock has been
mingled with other stock, such claims shall be deemed to
be waived and the carriers and each thereof shall be dis-
charged from liability."

The trial was to a jury, and the verdict for plaintiff. De-
fendant brings error.

It will be necessary to consider only one allegation of
error, namely, the refusal to direct a verdict for defendant
upon the issue raised by the second defense.

This was an interstate shipment and in determining the
effect of the foregoing stipulation upon the liability of the
defendant, we must follow the law as declared by the Fed-
eral Courts. All state laws, regulations and policies with
reference to the validity of such contracts were superceded
when Congress, by the Carmack amendment of June 29,
1906 (34 Stat. at L. 584, c. 3591) to the Hepburn Act of
February 4, 1887 (24 Stat. at L. 379, c. 104), manifested its
purpose to take full control of the subject of interstate
commerce. (Adams Express Co. v. Croninger, 226 U. S.
491, 44 L. R. A. (N. S.) 257; Missouri, K. & T. R. Co. v.
Harriman, 227 U. S. 657; St. Louis, I. M. & S. R. Co. v.
Starbird, 243 U. S. 592, 61 L. Ed. 917.)

By the cases which arose as did this, before the passage
of the Act of March 4, 1915 (38 Stat. at L. 1196, c. 176), it
has been settled that a stipulation of a bill of lading requir-
ing notice or the making of a claim within a limited time
after the arrival or delivery of the freight at the destina-
tion is reasonable, and that it should be given the effect
that appears from its terms to have been intended. (Balti-
more & O. R. Co. v. Leach, 249 U. S. 217, 39 Sup. Ct. 254;

Southern P. R. Co. v. Stewart, 248 U. S. 446, 63 L. Ed. 350;
St. Louis, I. M. & S. R. Co. v. Starbird, *supra*; Chesapeake
& O. R. Co. v. McLaughlin, 242 U. S. 142, 61 L. Ed. 207;
Northern P. R. Co. v. Wall, 241 U. S. 87, 36 Sup. Ct. 493;
Hudson v. Chicago, St. P. M. & O. R. Co., 226 Fed. 38; Clegg
v. St. Louis & S. F. R. Co., 203 Fed. 971, 122 C. C. A. 273;
Baldwin v. Chicago, R. I. & P. R. Co., 173 Ia. 524, 156 N.
W. 17; Chicago, I. & L. R. Co. v. Blankenship, (Ind.) 127
N E. 209; Chicago, R I. & P. R. Co. v. Gray, (Okla.) 165
Pac. 157; Bailey v. Missouri P. R. Co., (Mo. App.) 171 S.
W. 44.)   In Kidwell v. Oregon S. L. R. Co., 208 Fed. 1,
125 C. C. A. 13, and Smith Meat Co. v. Oregon R. & N. Co.,
59 Ore. 206, 117 Pac. 303, the stipulations upheld as reason-
able were identical with that in the case at bar, and in some
of the other cases, *supra*, they were more exacting.

Though no question of waiver is presented by the record
or argued by counsel, it is worthy of note, as illustrative
of the view of the courts with reference to the importance
of compliance with such stipulations, that the requirement
of notice may not be waived or dispensed with by the car-
rier.   (Georgia F. & A. R. Co. v. Blish, 241 U. S. 190, 36
Sup. Ct. 541, 60 L. Ed. 948; Phillips v. Grand Trunk W.
R. Co., 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774; Fletch-
er v. New York C. & H. R. R. Co., (Mass.) 229 Mass 258,
118 N. E. 294; Hines v. Mason, 144 Ark. 11, (Ark.) 221 S.
W. 861; Abell v. Atchison, T. & S. F. R. Co., 100 Kans. 238,
164 Pac. 269; L. R. A. 1918 E. 782.)

With the foregoing propositions well established, and
indeed, not questioned, the issue presented by the second
defense was, simply, whether or not the plaintiff had pre-
sented his claim for damage within the time fixed by the
stipulation.

The secretary of the plaintiff company testified that
after the sheep arrived at Laramie, but before they were
dipped, he had there several conversations with two agents
of the defendant; that the purpose of the conversations
on his part was to induce the defendant ''to release'' the

sheep, he insisting that they did not need dipping, and should be continued on their journey; that in the course of those conversations he stated that if the sheep were dipped "there would be considerable shrinkage * * * and that we (plaintiff) would hold the company (defendant) re-sponsible for it—would look to them (defendant) for damages." Unless these statements constituted, a pre-sentation of the claim for damages within the meaning of the shipping contract, there was no such claim presented in time, and defendant's request for a directed verdict in its favor should have been granted on this ground.

What would be considered a presentation of a claim cannot, we think, be determined by any definite rule that would be applicable to every case that might arise. In George, F. & A. R. Co. v. Blish, *supra*, it is said that the stipulation "is addressed to a practical exigency and it is to be construed in a practical way;" and that a substantial compliance therewith on the part of the shipper is all that is required. The purpose of the stipulation is to allow the carrier an opportunity to investigate the claim and either settle it or prepare for its contest. All the particulars need not be stated in the claim, and, assuming that it is presented in time and in the form required, it is sufficient if it give the carrier reasonable notice of the character of the demand which it is required to settle or contest. This is a fair statement of the rule which we gather from the Blish case, upon which plaintiff relies.

But in the case at bar there was no reasonable notice within that rule of the character of the claim. The state-ments at Laramie by plaintiff's secretary to defendant's agents were made before plaintiff had sustained any ex-cept, possibly, nominal damages, and hence before he had any substantial claim; he could not and did not apprise the defendant of the extent or amount of plaintiff's dam-ages, and did not direct the defendant's attention to any act of negligence, by which he claimed the plaintiff had been injured. In making those statements, as appears

from the record now, and, doubtless, as appeared to defendant's agents at the time, it was not intended to make or present a claim, and it would be unreasonable to say that the defendant should then have taken and accepted as a claim statements which were apparently made for another purpose.  There are no facts disclosed which rendered it impracticable or even difficult for the plaintiff to have presented his claim within proper time, after the cause and extent and amount of it became known to him.

Kidwell v. Oregon S. L. R. Co., *supra*, is in point.  The facts were similar to those in the case at bar, except that there the complaints of the shipper were made after his damages had been sustained, and gave some information as to the negligence which was the cause of his injury.  It was held that there could be no recovery for the reason that a claim had not been presented, and, among other things, the court said:

"If, on arrival of live stock at destination, the shipper who, as in this case, accompanies them finds that they have been injured by the negligence of the carrier, it is a reasonable provision of the shipping contract that he give notice to the carrier of the extent, nature, and amount of his claim for damages, and that this shall be done before the stock are mingled with other stock in order that the carrier may have the opportunity to make timely investigation and protect itself against fictitious or imaginary claims.  It is no compliance with such a provision to remark to a freight agent of the carrier along the line of the route that the shipper is going to put in a claim for damages.  Nor is it a compliance to inform the agent at the place of destination that there will be a claim against the company for damages.  To impart the information that a claim will be presented is not to present 'a claim for loss. damage, or detention.'  It does not inform the carrier of the nature, extent, amount, or cause of damage.  It gives no definite statement of facts upon which an investi-

gation may be had, or which shows that an investigation is required.''

It is suggested that this decision is inconsistent with the later decision of the Supreme Court in the Blish case. The particular point of disagreement is not specified, and we have not discovered any, unless it be that by the language which we have quoted from the former case too great emphasis is placed upon the fact that the shipper spoke in the future tense, saying that he ''was going to put in a claim'' etc., while in the latter case no consideration is given to a like defect in the wording of a telegram by which the claim was made.

In a case where the shipper has an existing claim which he presents to the carrier by a notice or demand sufficiently definite to impart information of the character of the claim, the fact that he uses the words ''I will claim,'' instead of ''I do claim,'' may well be regarded as a technical and not substantial defect, especially where the claim is fully and promptly investigated by the carrier, as in the Blish case and in E. H. Emery Co. v. Wabash Ry. Co., 183 Ia. 687, 166 N. W. 600. The Kidwell case did not present any such state of facts, and we think the main ground for the decision was that the complaints of damage and notices of an intention to file a claim were too indefinite, in substance, to meet the object and purpose of the requirement of the bill of lading, as the carrier was not thereby informed of the nature, extent, amount or cause of damage. The same thought might have been expressed by saying, in the language of the Blish case, that the carrier was not informed of the ''character of the claim.'' We think, therefore, there is no conflict in the fundamentals of the two decisions. Certainly, in the instant case, we are not tempted to place any importance upon the mere fact that the claim was spoken of in the future tense, for the use of any other tense with reference to a claim which existed only in anticipation would have been absurd.

Olson v. Chicago, B. & Q. R. Co., 250 Fed. 372, 162 C. C. A. 442 is the only case that has come to our attention in which the shipper relied upon a notice given before the damage was sustained, and there, even though the carrier investigated the claim, it was held that the notice was insufficient.   In Blair etc. Co. v. St. Joseph & G. I. R. Co., (Mo. App.) 180 S. W. 412, it was contended that the plaintiff had given notice only that he would, in the future, present a claim; but it was held, without stating the facts, that the evidence showed notice of "a present claim," which had been investigated by defendant.

We have examined many state decisions which have followed the rule of the Blish case; some which have, perhaps, gone a step beyond the holding in that case, and some which appear to be flatly in conflict with that and other Federal cases which have held that the requirement of notice may not be waived.   Without citing those cases, we may remark that we do not find that the rules of the Federal courts have been disregarded or relaxed in any case except where it was proved that the carrier's attention was called to the nature and extent of the damage, and an examination duly made, or that there were other similar circumstances from which it appeared that the carrier had had every advantage intended to be secured to it by the stipulation requiring notice of the claim.   The instant case presents none of those features, and, in fact, discloses no circumstance from which it may be inferred either that the stipulation was complied with, or that such compliance would have been superfluous.

It follows that the defendant was entitled to an instructed verdict.   The judgment is reversed and the case remanded with direction that judgment be entered for defendant.

*Reversed.*

POTTER, C. J., and BLUME, J., concur.