## Louisville & N. R. Co. v. Patton.

Nov. 25, 1941.

H. T. Lively, J. Lee Moore and Rodes & Willock for appellant.

A. B. Crow for appellee.

Opinion of the Court by Judge Ratliff—Reversing.

The appellant has appealed from a judgment of $684.46 rendered against it in the Simpson Circuit Court in favor of appellee for shortage or loss of wheat while in transit over appellant's railroad from Franklin, Kentucky, to Nashville, Tennessee.

The substance of the petition of appellee, plaintiff below, is that on July 10, 1937, he loaded 93,283 pounds of bulk wheat into a specified car, giving number, etc., for immediate shipment to Nashville, Tennessee, and that when the car was delivered to the consignee at Nashville it contained only 59,060 pounds of wheat; that there was a loss of 34,223 pounds, or 570.83 bushels, from the time of its acceptance by appellant at Franklin and the delivery to consignee at Nashville, and as a result of said loss he had been damaged in the amount of $684.46.

Appellant demurred generally to appellee's petition and without waiving the demurrer filed answer denying all material allegations of the petition and later filed an amended answer pleading Section 2 of the bill of lading which provided that claims must be filed in writing with the receiving or delivering carrier, or carrier issuing bill of lading, or carrier on whose line the loss, damage, injury or delay occurred, within nine months after delivery of the property, and that where claims are not so filed no carrier would be liable and such claims would not be paid. It was further alleged that appellee made

no claim in writing within nine months from the day the wheat was delivered in Nashville on July 12, 1937, nor until June 29, 1938, eleven and one-half months after date of delivery, and that appellee was estopped from recovering anything against appellant by reason of the alleged loss.

The court sustained a demurrer to appellee's petition, giving him leave to amend, whereupon he filed his amended petition alleging that he relied upon a letter which he had written to the Southern Weighing and Inspection Bureau at Nashville, hereinafter called the Weighing Bureau, advising it of the shortage of wheat and requesting it to give plaintiff *weights on said shipment*. In a second amended petition appellee alleged, in substance, that the Weighing Bureau was a representative and agent of appellant in the investigation of claims arising from shipments entrusted to appellant, and pursuant to his letter of October, 1937, to the Weighing Bureau a representative of the Weighing Bureau wrote a letter to the freight agent of defendant at Nashville, Tennessee, advising him of the shortage in the shipment of wheat. It was further alleged that a representative of the Weighing Bureau visited appellee and took a report from him on the shortage, and that he talked with appellant's freight agent at Nashville concerning the shortage within nine months after delivery of the wheat. He further alleged that on or about July 7th or 8th in 1938 "an additional claim in writing" was made in a letter addressed to appellant's claim department and that claim was made within nine months after a reasonable time for delivery had elapsed.

Appellant's demurrer to the petition as amended was overruled which was followed by an answer traversing the material allegations of the amended petition, and again pleading Section 2 of the bill of lading as a bar to recovery, and that claim was not made within the time provided in the bill of lading. Further pleadings followed and issues joined and a trial had resulting in the judgment indicated above.

The plaintiff does not produce the letter nor a copy thereof which he wrote in October, 1937, to the Weighing Bureau, but he produced a copy of the letter written by a representative of the Weighing Bureau to R. H. Bransford, a representative of the appellant, which apparently was for the purpose of giving the information

requested in the letter from appellee to the Weighing Bureau. The letter to Bransford reads:

"Nashville, Tenn.   October 27th, 1937.
"L&N   U-1952-D
"SW&IB   Nash   file 8053-AA

"Mr. R. H. Bransford,
"Agt L&N RR,
"Nashville, Tenn.
"Dear Sir:—

"Returning papers in the above numbered file relative to weight of car MC 81528, Bulk Wheat, moving 7/10/37, from Franklin, Ky, to Nashville, Tenn.

"Investigation show the car handled by the Nashville Warehouse & Elevator Corpn, weighed on their track scale, car weighed loaded and empty, the empty weight including weight of the grain doors, gross, 106800, actual tare, 47740, net, 59060#.

"Yours truly,
"(Signed)  A. Abernathy
"Resident Inspector."

Appellant denied that the Weighing Bureau was its agent, and it is the undisputed evidence that the Weighing Bureau looks after weights only and has nothing to do with claims for loss or damage such as are here involved.   It is also shown by the undisputed evidence of the representatives of the Weighing Bureau that the only information that they had from plaintiff concerning the wheat in any manner was the letter of October, 1937, which merely asked for information concerning weights, and likewise, the evidence of the agents and representatives of appellant that the only information they had concerning the shipment of wheat, was the letter from the agent of the Weighing Bureau to the freight agent of appellant, copied above, which merely made inquiry as to weights but they had no information that a claim for loss or damage was pending or contemplated, until the letter of June, 1938.   If it be conceded, however, that the Weighing Bureau was the agent of appellant, or had the letter been addressed to appellant, we do not think it amounted to a *claim* as contemplated in the bill of lading which, of course, was the contract between the parties.   Nor does the oral conversations

with appellant's agents satisfy the provisions of the contract providing that claim must be made in writing. In Union Pacific R. Co. v. Pacific Market Co., 27 Wyo. 501, 200 P. 108, 110, the bill of lading stipulated that unless claims were presented within ten days from date of unloading the live stock at destination, the carrier would be discharged from liability. There the plaintiff relied upon conversations with agents of the shipper in which he stated there would be considerable shrinkage and that he would hold defendant responsible and look to it for damages. The Supreme Court of Wyoming held that the verbal conversations did not satisfy the provisions of the contract with respect to a claim and quoted with approval from Kidwell v. Oregon S. L. R. Co., 9 Cir., 208 F. 1, as follows:

"It is no compliance with such a provision to remark to a freight agent of the carrier along the line of the route that the shipper is going to put in a claim for damages. Nor is it a compliance to inform the agent at the place of destination that there will be a claim against the company for damages. To impart the information that a claim will be presented is not to present 'a claim for loss, damage, or detention.' It does not inform the carrier of the nature, extent, amount, or cause of damage. It gives no definite statement of facts upon which an investigation may be had, or which shows that an investigation is required."

And, in speaking of the purpose and sufficiency of a claim, the court further said:

"Purpose of stipulation in bill of lading requiring claims to be presented within a certain period is to allow the carrier an opportunity to investigate the claim and either settle it or prepare for its contest, and all the particulars need not be stated in the claim; it being sufficient if it gives the carrier reasonable notice of the character of the demand which it is required to settle or contest."

It is thus seen that while no particular form is required in presenting a claim in writing, yet it must be sufficient to enable the carrier to understand, at least in a general way, the amount or approximate amount of the claim or the nature of the loss, in order that it may investigate the complaint or prepare to contest it. Ap-

pellee was asked if the letter from Mr. Abernathy, representative of the Weighing Bureau, to appellant's freight agent was delivered to him in response to the letter he had written to the Weighing Bureau concerning weights and he replied: "That is correct, yes, sir." On cross-examination appellee further testified that he received the copy of the letter in answer to a letter he had written to the Weighing Bureau asking for railroad weights on this particular car. Appellee's evidence in this respect is in harmony with the evidence of both the representatives of the Weighing Bureau and the appellant, which completely refutes the allegation in plaintiff's amended petition that his letter of October, 1937, made complaint of shortage, or anything except to ask for *weights*.

It appears that appellee did make claim in writing June 29, 1938, which was more than eleven and one-half months after the shipment of wheat was delivered at its destination, and in his amended petition he refers to this claim as an "additional claim." But, since the letter written in October, 1937, was insufficient to constitute a *claim*, the letter of June, 1938, could not be considered as an "additional claim," but constitutes the original or only claim which was more than nine months after the delivery of the shipment of wheat, and therefore came too late.

We conclude, therefore, that considering the pleadings and evidence in the light most favorable to appellee, he failed to show that he is entitled to any recovery against appellant and that the court should have directed the jury to return a verdict for appellant.

For the reasons stated the judgment is reversed and remanded with directions to set it aside, and for proceedings consistent with this opinion.